**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**AMANDA OSBORNE,**

                              **Plaintiff,**

   vs.                                                6:11-cv-553
                                                        (MAD)

**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**

_____

**APPEARANCES:**                                  **OF COUNSEL:**

**OLINSKY LAW GROUP**                  **HOWARD D. OLINSKY, ESQ.**
One Park Place
300 South State Street, Suite 420
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **SANDRA M. GROSSFELD, ESQ.**
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Petitioner, Howard D. Olinsky, Esq., represented Plaintiff in a civil action seeking judicial review of the Commissioner's decision denying Plaintiff's application for disability insurance benefits. *See* Dkt. No. 21-1 at 1.[1] After remanding this matter to the Social Security Administration for further proceedings on April 25, 2012, this Court issued a consent order granting attorney's fees and costs in the amount of $7,300.00, pursuant to the Equal Access to

---

[1] To avoid confusion, the Court refers to the page numbers assigned by the Electronic Case Filing system.

Justice Act ("EAJA"). *See id.* at 9. On January 11, 2013, an Administrative Law Judge found Plaintiff disabled as of January 31, 2003, and awarded Plaintiff past due benefits in the amount of $59,142.00. *See id.* at 2. Petitioner now seeks an award of attorney's fees in the amount of $14,785.50 based upon 42 U.S.C. § 406(b)(1) and the contingency fee agreement between himself and Plaintiff. The Commissioner takes no position on the motion. *See* Dkt. No. 22.

## II. DISCUSSION

Pursuant to 42 U.S.C. § 406,

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

*Id.* § 406(b)(1)(A). In evaluating the relationship between a contingency fee and attorney's fees under Section 406(b), the Second Circuit has held "that § 406(b) does not invalidate all contingent fee arrangements—it merely sets their upper limit—and [ ] a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). To determine whether an agreement is reasonable, the court "must give due deference to the intent of the parties" as well as "determine whether the contingency percentage is within the 25% cap[,] whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372.

Petitioner and Plaintiff entered into a contingency fee agreement, indicating that the fee for representation would be twenty-five percent of the past-due benefits. *See* Dkt. No. 21-1 at 32. As discussed above, the Court is obligated to defer to the intent of the parties, as it is "the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of

2

nonpayment." *Wells*, 907 F.2d at 371. Plaintiff was awarded past-due benefits totaling $59,142.00, twenty-five percent of which is $14,785.50. *See* Dkt. No. 21-1 at 39. This amount represents an hourly rate of $245.20 for 60.3 hours spent working on this case.[2] *See id.* at 5. This hourly rate has been held to be reasonable when there is a contingency fee agreement and the attorney has been successful with their client's social security claim. *See e.g.*, *Devaux v. Astrue*, 932 F.Supp.2d 349, 351 (E.D.N.Y. 2013) (holding $386.32 per hour was reasonable); *Patel v. Astrue*, No. 10-CV-1437, 2012 WL 5904333, * 4 (E.D.N.Y. Nov. 26, 2012) (holding $650 per hour was reasonable); *Joslyn v. Barnhart*, 389 F.Supp.3d 454, 457 (W.D.N.Y. 2009) (holding $891 per hour was reasonable); *Filipkowski v. Barnhart*, No. 05-CV-01449, 2009 WL 2426008, *2 (N.D.N.Y Aug. 6, 2009) (holding $743.30 per hour was reasonable); *Blizzard v. Astrue*, 496 F.Supp.2d 320, 324-25 (W.D.N.Y. 2009) (holding $705 per hour was reasonable).

The Court does not find evidence of fraud or overreaching in making the agreement, nor does Defendant oppose this petition. The Court also does not find this amount to be a windfall to the attorney. The Petitioner has extensive experience practicing social security law and representing claimants before the Social Security Administration and in the United States District Court. *See* Dkt. No. 21-1 at 6. Petitioner successfully represented Plaintiff in this matter and Plaintiff was found disabled and awarded past due benefits. *See id.* at 2. Therefore, the Court finds that the fee requested is reasonable. Since Petitioner received attorney's fees under both the EAJA and the Social Security Act, he must give the smaller of these two awards to Plaintiff.

---

[2] Defendant contends that only the 39.7 hours for work at the district court level should be considered in making this calculation. *See* Dkt. No. 22 at 1. This would make the effective hourly rate $372.43. Assuming, without deciding, that is correct, the Court would nevertheless find this fee to be reasonable.

*Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).  Accordingly, the $7,300.00 in attorney's fees awarded under the EAJA must be refunded to Plaintiff.

### III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that the petition for attorney's fees in the amount of $14,785.50 is **GRANTED.**

**IT IS SO ORDERED.**

Dated: February 24, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge